## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov</td></tr>
</table>

March 31, 2021

LETTER TO THE PARTIES

      RE:   *MyJewel L. v. Saul*
              Civil No. DLB-19-3626

Dear Plaintiff and Counsel:

On December 23, 2019, plaintiff MyJewel L., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. This case is before me by consent of the parties. ECF 10, 17. I have considered plaintiff's complaint and the Commissioner's motion for summary judgment.[1] ECF 1, 15. I find no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the SSA's motion and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claim for benefits on May 10, 2016, alleging a disability onset date of December 3, 2004. Administrative Transcript ("Tr.") 220-28. Her claim was denied initially and on reconsideration. Tr. 142-46, 152-53. An Administrative Law Judge ("ALJ") held a hearing on October 23, 2018, at which plaintiff was not represented by counsel but was accompanied by her mother.[2] Tr. 31-87. Following that hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 11-25. The Appeals Council denied plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

---

[1] After the Commissioner filed his motion, the Clerk's Office sent a Rule 12/56 letter to plaintiff, advising her of her opportunity to file a response and the potential consequences of failing to oppose the dispositive motion. ECF 16. Plaintiff did not file a response.

[2] Plaintiff was represented by counsel at a previous hearing, but that hearing was postponed to allow plaintiff time to confer with her representative and receive more medical records. Tr. 88-94. That representative subsequently withdrew from plaintiff's case, and plaintiff's mother attended her second hearing. *See* Tr. 34-43 (documenting the ALJ's discussion with plaintiff and her mother regarding plaintiff's rights to representation).

*MyJewel L. v. Saul*
Civil No. DLB-19-3626
March 31, 2021
Page 2

The ALJ found plaintiff had severe impairments of "depression, anxiety, obesity, status-post right ankle fixation, and traumatic osteoarthritis of the right ankle." Tr. 13. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl. The claimant is able to perform simple, routine and repetitive tasks but not at a production rate pace. She is able to perform simple work-related decisions. She can have occasional contact with supervisors and coworkers, but no contact with the public.

Tr. 17. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff had no past relevant work but could perform jobs existing in significant numbers in the national economy. Tr. 24-25. Accordingly, the ALJ determined plaintiff was not disabled. Tr. 25.

I have carefully reviewed the entire record, including the ALJ's opinion. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). I hold the ALJ's RFC determination frustrates judicial review and precludes a finding that the decision is supported by substantial evidence. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

The ALJ proceeded in accordance with applicable law at the first three steps of the sequential evaluation. The ALJ ruled in plaintiff's favor at step one and determined she had not engaged in substantial gainful activity since her application date. Tr. 13; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments plaintiff claimed prevented her from working, finding her depression, anxiety, obesity, status-post right ankle fixation, and traumatic osteoarthritis of the right ankle severe. Tr. 13; *see* 20 C.F.R. § 416.920(a)(4)(ii). The ALJ determined plaintiff's history of MRSA infections and headaches were not severe impairments. Tr. 14.

At step three, the ALJ determined plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 14-17; *see* 20 C.F.R. § 416.920(a)(4)(iii). Regarding plaintiff's ankle fracture, the ALJ identified and considered Listings 1.02 (major dysfunction of a joint) and 1.06 (fracture of the femur, tibia, pelvis, or one or more of the tarsal bones). The ALJ explained plaintiff did not meet these listings because she ambulated without an assistive device and the objective evidence showed "proper healing of the fracture with anatomical alignment." Tr. 14. The ALJ also discussed the potential impacts of plaintiff's obesity in combination with her other impairments, as required by Social Security Ruling 02-01p. Tr. 20-22 (discussing plaintiff's obesity and concluding that plaintiff should be limited to light work with occasional postural movements in part due to obesity).

*MyJewel L. v. Saul*
Civil No. DLB-19-3626
March 31, 2021
Page 3

Regarding plaintiff's mental impairments, the ALJ identified and considered Listings 12.04 (depressive, bipolar, and related disorders) and 12.06 (anxiety and obsessive-compulsive disorder). The ALJ applied the special technique for assessing mental impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00 (2018). The technique requires analysis of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). Meeting either (i) the paragraphs A and B criteria or (ii) the paragraphs B and C criteria satisfies Listings 12.04 and 12.06. *Id.* § 12.00(A)(2). Paragraph B consists of four broad, functional areas, including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). A claimant must show extreme limitation in one area, or marked limitation in two areas, to meet the paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.04(B) (2018).

Here, the ALJ found plaintiff had a "moderate" limitation in all four paragraph B areas, including in her ability to concentrate, persist, or maintain pace. Tr. 15-16. Because plaintiff did not have an extreme limitation in one area or a marked limitation in two areas, the ALJ found plaintiff did not satisfy the "paragraph B" criteria. Tr. 16. The ALJ also found plaintiff did not satisfy the "paragraph C" criteria because the record lacked evidence of mental health treatment since the application date beyond self-reports and a statement from her treating psychiatrist. Tr. 17. Therefore, the ALJ found plaintiff's impairments did not meet or equal a listing.

The ALJ continued with the sequential evaluation and considered, in assessing plaintiff's RFC, the extent to which her impairments limited her ability to work. The ALJ determined plaintiff's RFC was limited, in relevant part, to "simple, routine[,] and repetitive tasks but not at a production rate pace." Tr. 17. I am unable to determine whether the ALJ's RFC determination is supported by substantial evidence because "not at a production rate pace" is an ambiguous term, which the ALJ failed to explain, and accordingly remand.

In conducting substantial evidence review, courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual *determinations*." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted) (emphasis added). Thus, agency conclusions, stated in terms cognizable to the Court, must necessarily precede substantial evidence review. In *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019), the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding…properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will

*MyJewel L. v. Saul*
Civil No. DLB-19-3626
March 31, 2021
Page 4

need to establish for how long, and under what conditions, [the plaintiff] is able to focus…and stay on task at a sustained rate."). And, while in *Thomas* the ALJ's utilization of the ambiguous term was one among many reasons the Court remanded, the Fourth Circuit has subsequently remanded solely for an ALJ's failure to define similar ambiguous terms in the RFC determination. *See, e.g.*, *Perry v. Berryhill*, 765 F. App'x 869, 873 (4th Cir. 2019) (remanding for an ALJ's failure to define "non-production work oriented setting").

Here, the ALJ found plaintiff moderately limited in concentration, persistence, or pace. Tr. 15. Subsequently, after a review of the evidence, the ALJ apparently determined plaintiff's ability to maintain pace required some sort of accommodation because he included a pace limitation in the RFC determination and the corresponding hypothetical to the VE. *See* Tr. 17, 82. The term the ALJ used, however, is identical or directly analogous to those the Fourth Circuit held frustrated appellate review and required remand in *Thomas* and *Perry*. *See Thomas*, 916 F.3d at 312; *Perry*, 765 F. App'x at 873. Further, the Court's rationales for remand in *Perry* apply equally to the term the ALJ used here. *See* 765 F. App'x at 872. "[P]roduction rate pace" is not defined in the regulations, in the Dictionary of Occupational Titles, or in the ALJ's decision. Tr. 15; *see id.*; Tr. 11-25. Because this Court lacks enough information to understand what the ALJ intended when he limited plaintiff's RFC determination to work "not at a production rate pace," I am unable to find the ALJ's RFC determination and corresponding hypothetical are supported by substantial evidence. Accordingly, remand is necessary.

The Commissioner argues that the ALJ, "[a]fter careful consideration of the record," made his "properly supported RFC determination." Def.'s Mot. at 11. Though the ALJ's decision evidences his consideration of the medical record, I cannot determine whether that record ultimately supported his RFC determination and corresponding hypothetical to the VE. The issue in this case is not whether the ALJ properly considered the record but what the ALJ concluded with respect to plaintiff's ability to maintain pace. I am unable to determine whether substantial evidence supported the ALJ's conclusion because I lack enough information to know what "production rate pace" means. *See Thomas*, 916 F.3d at 312. Therefore, remand is appropriate.

In light of the ALJ's inadequate RFC assessment, I need not address whether the remainder of the ALJ's analysis complied with the relevant legal standards. In ordering remand for further consideration by the SSA, I express no opinion as to whether the ALJ's ultimate conclusion that plaintiff is not entitled to benefits is correct.

*MyJewel L. v. Saul*
Civil No. DLB-19-3626
March 31, 2021
Page 5

Despite the informal nature of this letter, it should be flagged as an opinion.   An implementing order follows.


Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge